UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>80 Frost Hill Avenue, Lisbon Falls, ME 04252 |
| **Nadine M. Gendron** | Mortgage:<br>February 9, 2007<br>Book 7064, Page 57<br>Androscoggin County Registry of Deeds |
| **Defendant**<br>Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for RBS Citizen, N.A.<br>Winthrop Fuel Co., dba Lisbon Fuel Co.<br>Midland Funding LLC<br>LVNV Funding LLC<br>Superior Plus Energy Services, Inc. d/b/a Downeast Energy f/k/a Durham Oil Company | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Nadine M. Gendron, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of

an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, in which the Defendant, Nadine M. Gendron, is the obligor and the total amount owed under the terms of the Note is Four Hundred Eighty Thousand Nine Hundred Twenty-Seven and 57/100 ($480,927.57) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee is a National Association with its main place of business located at 1011 Centre Street, Wilmington, DE and therefore for diversity purposes is a citizen of Delaware.

5. The Defendant, Nadine M. Gendron, is a resident of Lisbon Falls, County of Androscoggin and State of Maine.

6. The Party-in-Interest, Superior Plus Energy Services, Inc., dba Downeast Energy f/k/a Durham Oil Company ("Superior"), is a New York Corporation with a principal place of

business in New York and is a *di minimis* party and therefore, for diversity purposes a resident of New York.

7. The Party-in-Interest, Winthrop Fuel Co., Inc dba Lisbon Fuel Co. ("Winthrop"), is a Maine Corporation with a principal place of business in Maine and is a *di minimis* party and therefore, for diversity purposes, a citizen of Maine.

8. Upon information and belief, the Party-In-Interest, LVNV, LLC is a Delaware Limited Liability Company and is therefore, for diversity purposes, a resident of its member(s), And if its member(s) are also limited liability companies, the analysis proceeds until the member(s) can be determined to be resident(s) of a particular state(s). LVNV, LLC is also a *di minimis* party due to its lack of priority, small amount of lien, and applicable Maine Foreclosure Statutes. The sole member of LVNV, LLC is Sherman Originator, LLC which is also a Delaware Limited Liability Company. The sole member of Sherman Originator, LLC is the Sherman Financial Group, LLC which is also a Delaware Limited Liability Company. The sole member of Sherman Financial Group, LLC is Sherman Capital, LLC which is also a Delaware Limited Liability Company. The sole member of Sherman Capital, LLC is Benjamin Navarro who is a resident of South Carolina. Therefore, despite the multiple layers, LVNV, LLC, which has a resident agent for service in Maine, is, for diversity purposes, a resident of South Carolina.

9. The Party-in-Interest, Midland Funding, LLC, is a limited liability company formed in Delaware whose sole member is Midland Credit Management Company, a Kansas corporation with a principal place of business in San Diego, CA and a resident agent located at 45 Memorial Circle, Augusta, ME 04330 and a *di minimis* party and, therefore. for diversity purposes is a citizen of Kansas and California.

10. The Party-in-Interest, Mortgage Electronic Registration Systems, Inc. (MERS) as

Nominee for RBS Citizen, N.A., is Mortgage Electronic Registration Systems, Inc. is a Delaware corporation with a principal place of business at 1595 Spring Hill Road, Suite 310, Vienna, VA. It is a *di minimis* party and for diversity purposes is a resident of Delaware and Virginia.

## FACTS

11. On July 13, 1998, by virtue of a Warranty Deed from Norman M. Bulick and Josephine Bulick, which is recorded in the Androscoggin County Registry of Deeds in **Book 403, Page 005**, the property situated at 80 Frost Hill Avenue, City/Town of Lisbon Falls, County of Androscoggin, and State of Maine, was conveyed to Nadine Gendron, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On February 9, 2007, Defendant, Nadine M. Gendron, executed and delivered to First Horizon Home Loan Corporation a certain Note under seal in the amount of $279,200.00. *See* Exhibit B (a true and correct copy of the Affidavit of Lost Note with copy of Note is attached hereto and incorporated herein).

13. To secure said Note, on February 9, 2007, Defendant, Nadine M. Gendron, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation, securing the property located at 80 Frost Hill Avenue, Lisbon Falls, ME 04252 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 7064**, **Page 57**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Fannie Mae "Federal National Mortgage Association" in care of IBM Lender Business Process Services, Inc. by virtue of an Assignment of

Mortgage dated August 20, 2010 and recorded in the Androscoggin County Registry of Deeds in **Book 8138**, **Page 116**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to First Horizon Home Loans, a Division of First Tennessee Bank National Association by virtue of an Assignment of Mortgage dated July 24, 2013 and recorded in the Androscoggin County Registry of Deeds in **Book 8744**, **Page 156**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to U.S. Bank National Association, as Trustee for PROF-2013-S3 Remic Trust VII by virtue of an Assignment of Mortgage dated October 1, 2014 and recorded in the Androscoggin County Registry of Deeds in **Book 9014**, **Page 122**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee by virtue of an Assignment of Mortgage dated July 10, 2015 and recorded in the Androscoggin County Registry of Deeds in **Book 9179**, **Page 282**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was further assigned to U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee by virtue of a Quitclaim Assignment dated May 27, 2016 and recorded in the Androscoggin County Registry of Deeds in **Book 9380**, **Page 131**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

19. The Mortgage was then assigned to 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee by virtue of an

Assignment of Mortgage dated December 26, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 10036**, **Page 257**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. On April 10, 2023, the Defendant, Nadine M. Gendron, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

21. The Demand Letter informed the Defendant, Nadine M. Gendron, of the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

22. The Defendant, Nadine M. Gendron, failed to cure the default prior to the expiration of the Demand Letter.

23. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

24. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, hereby certifies that it is the lawful holder and owner of the Note and Mortgage.

25. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

26. Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for RBS Citizen, N.A is a Party-in-Interest pursuant to Mortgage originally to First Horizon Home Loan Corporation in the amount of $17,450.00 dated February 9, 2007, and recorded in the Androscoggin County Registry of Deeds in **Book 7064**, **Page 237**, assigned to Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for RBS Citizen, N.A by virtue of an Assignment of Mortgage dated December 15, 2009 and recorded in the Androscoggin County Registry of Deeds in Book 7250, Page 230 and is in second position behind Plaintiff's Mortgage.

27. Midland Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $743.53 dated June 2, 2011, and recorded in the Androscoggin County Registry of Deeds in **Book 8195**, **Page 78** and is in third position behind Plaintiff's Mortgage.

28. Winthrop. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,677.15 dated June 24, 2015, and recorded in the Androscoggin County Registry of Deeds in **Book 9180**, **Page 18** and is in fourth position behind Plaintiff's Mortgage.

29. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,730.63 dated December 4, 2015, and recorded in the Androscoggin County Registry of Deeds in **Book 9279**, **Page 52** and is in fifth position behind Plaintiff's Mortgage.

30. LVNV Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,878.15 dated January 6, 2016, and recorded in the Androscoggin County Registry of Deeds in **Book 9348**, **Page 135** and is in sixth position behind Plaintiff's Mortgage.

31. Superior is a Party-in-Interest pursuant to a Writ of Execution in the amount of $988.84 dated February 3, 2017, and recorded in the Androscoggin County Registry of Deeds in **Book 9552**, **Page 16** and is in seventh position behind Plaintiff's Mortgage.

32. The total debt owed under the Note and Mortgage as of October 20, 2023 is Four Hundred Eighty Thousand Nine Hundred Twenty-Seven and 57/100 ($480,927.57) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $325,278.35 |
| Interest | $44,054.58 |
| Escrow Deficiency | $28,371.89 |
| Unpaid Late Charges | $1,096.80 |
| Deferred Amounts | $82,125.95 |
| Grand Total | $480,927.57 |

33. Upon information and belief, the Defendant, Nadine M. Gendron, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

34. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 80 Frost Hill Avenue, Lisbon Falls, County of Androscoggin, and State of Maine. *See* Exhibit A.

36. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is the holder of the Affidavit of Lost Note with copy of Note referenced in Paragraph 12 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust

National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, has the right to foreclosure and sale upon the subject property.

37. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is the current owner and investor of the aforesaid Mortgage and Note.

38. The Defendant, Nadine M. Gendron, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2020, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

39. The total debt owed under the Note and Mortgage as of October 20, 2023 is Four Hundred Eighty Thousand Nine Hundred Twenty-Seven and 57/100 ($480,927.57) Dollars.

40. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

41. By virtue of the Defendant, Nadine M. Gendron's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

42. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Nadine M. Gendron, on April 10, 2023, evidenced by the Certificate of Mailing. *See* Exhibit J.

43. The Defendant, Nadine M. Gendron, is not in the Military as evidenced by the attached Exhibit K.

44. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

45. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. On February 9, 2007, the Defendant, Nadine M. Gendron, executed under seal and delivered to First Horizon Home Loan Corporation a certain Note in the amount of $279,200.00. *See* Exhibit B.

47. The Defendant, Nadine M. Gendron, is in default for failure to properly tender the November 1, 2020, payment and all subsequent payments. *See* Exhibit J.

48. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Nadine M. Gendron.

49. The Defendant, Nadine M. Gendron, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

50. The Defendant, Nadine M. Gendron's, breach is knowing, willful, and continuing.

51. The Defendant, Nadine M. Gendron's, breach has caused Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of October 20, 2023, if no payments are made, is Four Hundred Eighty Thousand Nine Hundred Twenty-Seven and 57/100 ($480,927.57) Dollars.

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

54. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

55. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. By executing, under seal, and delivering the Note, the Defendant, Nadine M. Gendron, entered into a written contract with First Horizon Home Loan Corporation who agreed to loan the amount of $279,200.00 to the Defendant. *See* Exhibit B.

57. As part of this contract and transaction, the Defendant, Nadine M. Gendron, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

58. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is the proper holder of the Note and successor-in-interest to First Horizon Home Loan Corporation and has performed its obligations under the Note and Mortgage.

59. The Defendant, Nadine M. Gendron, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2020 payment and all subsequent payments. *See* Exhibit J.

60. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Nadine M. Gendron.

61. The Defendant, Nadine M. Gendron, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

62. The Defendant, Nadine M. Gendron, is indebted to 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee in the sum of Four Hundred Eighty Thousand Nine Hundred Twenty-Seven and 57/100 ($480,927.57) Dollars, for money lent by the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, to the Defendant.

63. Defendant, Nadine M. Gendron's, breach is knowing, willful, and continuing.

64. Defendant, Nadine M. Gendron's, breach has caused Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

65. The total debt owed under the Note and Mortgage as of October 20, 2023, if no payments are made, is Four Hundred Eighty Thousand Nine Hundred Twenty-Seven and 57/100 ($480,927.57) Dollars.

66. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

67. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV – UNJUST ENRICHMENT

68. The Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, repeats and re-alleges paragraphs 1 through 67 as if fully set forth herein.

69. First Horizon Home Loan Corporation, predecessor-in-interest to 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, loaned the Defendant, Nadine M. Gendron, $279,200.00.  *See* Exhibit B.

70. The Defendant, Nadine M. Gendron, has failed to repay the loan obligation.

71. As a result, the Defendant, Nadine M. Gendron, has been unjustly enriched to the detriment of the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee as successor-in-interest to First Horizon Home Loan Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

72. As such, the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is entitled to relief.

73. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due and priority of any junior lienholders that appear in this action;

c) Grant possession to the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, upon the expiration of the period of redemption;

d) Find that the Defendant, Nadine M. Gendron, is in breach of the Note by failing to make payment due as of November 1, 2020, and all subsequent payments;

e)  Find that the Defendant, Nadine M. Gendron, is in breach of the Mortgage by failing to make payment due as of November 1, 2020, and all subsequent payments;

f)  Find that the Defendant, Nadine M. Gendron, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g)  Find that the Defendant, Nadine M. Gendron, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2020, and all subsequent payments;

h)  Find that the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is entitled to enforce the terms and conditions of the Note and Mortgage;

i)  Find that by virtue of the money retained by the Defendant, Nadine M. Gendron has been unjustly enriched at the Plaintiff's expense;

j)  Find that such unjust enrichment entitles the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, to restitution;

k)  Find that the Defendant, Nadine M. Gendron, is liable to the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, for money had and received;

l)  Find that the Defendant, Nadine M. Gendron, has appreciated and retained the benefit of the Mortgage and the subject property;

m)  Find that it would be inequitable for the Defendant, Nadine M. Gendron, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, is entitled to restitution for this benefit from the Defendant, Nadine M. Gendron;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Nadine M. Gendron, and in favor of the Plaintiff, 1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee, in the amount of Four Hundred Eighty Thousand Nine Hundred Twenty-Seven and 57/100 ($480,927.57) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
1900 Capital Trust II, BY U.S. Bank Trust National Association, Not in Its Individual Capacity but Solely as Certificate Trustee,
By its attorneys,

Dated: November 3, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
John A. Doonan, Esq. Bar No. 003250
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com